UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSLYN BLACK EIMICKE**<br>20 W 64th St., Apt. 40L<br>New York, NY 10023<br>    Plaintiff,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER<br>CORPORATION ("AMTRAK")**<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br>    Defendant. | Civil No. _____<br>    Formerly Case No. 2019 CA 006664B<br>    Superior Court of the<br>    District of Columbia |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1331, 1349, and 1441(a), National Railroad Passenger Corporation (hereinafter "Defendant" or "Amtrak"), by its undersigned counsel, hereby notices the removal of this action to the United States District Court for the District of Columbia. As grounds for removal, Amtrak states:

1.   October 9, 2019, Plaintiff Roslyn Black Eimicke ("Plaintiff") commenced this action against Amtrak by filing a Complaint in the Superior Court of the District of Columbia. Plaintiff's Complaint was assigned Case No. 2019-CA-006664B (hereinafter, the "State Court Action").

2.   On or about October 15, 2019, Amtrak was served, via hand delivery upon its resident agent in the District of Columbia, with copies of the Summons and Complaint.

3.   Pursuant to 28 U.S.C. section 1349, "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, **unless** the United States is the owner of more than one-half of its capital

stock." (Emphasis added.) As Amtrak was created by an Act of Congress[1] and a majority of the capital stock of Amtrak is owned by the United States,[2] the federal courts have subject matter jurisdiction over any action involving Amtrak, assuming the procedural requirements for removal have been followed. *Aliotta v. National Railroad Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir. 2003) (explaining that pursuant to 28 U.S.C. sections 1331 and 1349, "federal courts have jurisdiction over all cases involving Amtrak, regardless of the cause of action"); *Maryland Transit Admin. v. AMTRAK*, 372 F. Supp. 2d 478, 479 n.2 (D. Md. 2005) (noting that, as Amtrak was organized under the Rail Passenger Act of 1970 and as the United States owns more than half its stock, subject matter jurisdiction was proper under 28 U.S.C. sections 1331 and 1349); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574, 574 (S.D. Miss. 1993) (denying motion to remand; noting that Amtrak was created by an Act of Congress and that the United States owns greater than fifty percent of Amtrak's capital stock).

4. Pursuant to 28 U.S.C. section 1441 (a), any civil action over which the federal courts have original jurisdiction, but which is brought in state court, may be removed to the district court of the United States that embraces the place where such action is pending. This removal is to the district court of the United States for the district and division that includes the District of Columbia, the jurisdiction where the State Court Action is pending.

5. This Notice of Removal is being filed within 30 days after Amtrak was served with a summons and complaint in this action. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446 (b).

6. Amtrak is the sole defendant in this action and consents to this removal.

---

[1] Amtrak was created by the Rail Passenger Services Act of 1970. *See* 49 U.S.C. § 24101 *et seq.*
[2] The United States government, through its Department of Transportation, owns all of Amtrak's issued and outstanding preferred stock. *See* National Railroad Passenger Corporation and Subsidiaries Consolidated Financial Statements at Note 2.

7.   Pursuant to 28 U.S.C. section 1446 (a), a true and legible copy of all process, pleadings, and orders served in the State Court Action as of this date are attached hereto as **Exhibit A.**

8.   A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the Superior Court of the District of Columbia, and is being served on Plaintiff's counsel as required by 28 U.S.C. section 1446 (d).  A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.

WHEREFORE, National Railroad Passenger Corporation respectfully requests that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

*/s/ Ifeanyi O. Ezeigbo*
Felicity A. McGrath, Esq.   (Bar No. 457511)
Ifeanyi O. Ezeigbo, Esq.     (Bar No. MD0089)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
Telephone:  (202) 712-7000
Facsimile:  (202) 712-7100
Email: fmcgrath@bonnerkiernan.com
Email: iezeigbo@bonnerkiernan.com
*Counsel for Defendant,*
*National Railroad Passenger Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROSLYN BLACK EIMICKE**<br>20 W 64th St., Apt. 40L<br>New York, NY 10023<br>    Plaintiff,<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER**<br>**CORPORATION ("AMTRAK")**<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br>    Defendant. | Civil No. _____ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2019, a copy of the foregoing Notice of Removal was mailed first class, postage prepaid, to:

John J. Yannone, Esq.
Arren T. Waldrep, Esq.
Price Benowitz, LLP
409 7th Street, N.W. Suite 200
Washington, D.C. 20004
Tel: (202) 417-6015
john@pricebenowitzlaw.com
arren@pricebenowitzlaw.com
*Attorneys for Plaintiff*

*/s/ Ifeanyi O. Ezeigbo*
Felicity A. McGrath, Esq.    (Bar No. 457511)
Ifeanyi O. Ezeigbo, Esq.    (Bar No. MD0089)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
Email: fmcgrath@bonnerkiernan.com
Email: iezeigbo@bonnerkiernan.com
*Counsel for Defendant*
*National Railroad Passenger Corporation*